UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

Bruce E. Bozzi, Sr.                                 Case No.  9:19-bk-09677-FMD
                                                    Chapter 7

        Debtor.
_____/

### UNITED STATES TRUSTEE'S OBJECTION
### TO TRUSTEE'S AMENDED MOTION TO SELL

        On an expedited basis, the Trustee, Robert E. Tardif, Jr, seeks to sell the estate's

one-half interest in real property located in East Hampton, New York to a trust, the

"owners/beneficiaries" of which, the Trustee understands to be the son and son-in-law

of the Debtor.

        The United States Trustee for Region 21, Nancy J. Gargula, by and through her

undersigned counsel and pursuant to 11 U.S.C. § 363, hereby objects to the Trustee's

Amended Motion to Sell Property of the Estate Free and Clear of Purported Liens and

Interests (Doc. 84) (the "Motion") for the following reasons:

        1.      The Trustee seeks to sell the estate's one-half interest in real property

located in the East Hampton, New York for $5,000,000 to 37 Cottage Avenue Trust

("Cottage Trust").[1]  Mr. Tardif understands that the Debtor's son and son-in-law are the

"owners/beneficiaries" of the Cottage Trust.

_____

[1] *See* Motion, par. 3.

2.      Ordinarily, parties in interest are entitled to twenty-one days' notice of any proposed sale of property of the estate.[2]  The applicable rules for notice of motions to sell or use estate property out of the ordinary course of business under 11 U.S.C. § 363(f) are Federal Rules of Bankruptcy Procedure 9013 and 2002(a)(2), which provide that the debtor shall give all creditors at least 21 days' notice by mail of a proposed use of property of the estate other than in the ordinary course of business, but there is an exception where the court "for cause shown shortens the time or directs another method of giving notice."[3] The Trustee offers no evidence that the property is declining in value or that the purchaser is likely to lose interest.

3.      Meanwhile the Trustee proposes less than ordinary notice on a sale to an insider. "A sale to insiders is fundamentally different from a sale at arms-length. In an arms-length transaction, the asset's exposure to the marketplace insures that the price is reasonable."[4] Insider sales warrant heightened scrutiny for fairness.[5] The Court should be resistant to abbreviating the sales process where the "owners/beneficiaries" appear to be related to the Debtor. Where a sale has not been fully vetted in the open market, section 363 envisions an auction type process where a bid is subject to bigger and better offers.  The truncated process hinders the ability of the estate to market the property for competing offers.

---

[2] *See* Fed. R. Bank. P. 6004(a) and Fed. R. Bank. P. 2002(a)(2)
[3] *See In re Magleby*, No. 2:16-bk-15322-RK, 2016 Bankr. LEXIS 3872, at *4-5 (Bankr. C.D. Cal. Oct. 31, 2016).
[4] *Ehrenberg v. Roussos (In re Roussos)*, 541 B.R. 721, 730 (Bankr. C.D. Cal. 2015)
[5] *Ehrenberg*, 541 B.R. at 730.

4.      The Motion fails to identify the source of the funds that will be used to purchase the property.  The Trustee states in his Motion, "The proposed purchaser has attested that the funds being used to purchase the property do not originate directly or indirectly from the Debtor."[6] The Trustee does not identify who associated with the Cottage Trust made this attestation and whether there is any other evidentiary support for that attestation.

5.      The concern for understanding the source of the funds is not only to assure that property of the estate is not used to make or support the purchase, but in order to evaluate the Cottage Trust's ability to close. The motion does not address the ability of the buyer to close.  Indeed, the motion does not indicate the existence of a good faith deposit, which could serve to ensure a closing.

6.      The motion fails to attach the sales contract.[7]  Fed. R. Bank. P. 2002(c)(1) requires disclosure of the terms and conditions of the proposed sale. Attachment of the contract insures disclosure of all of the terms.

7.      Courts give trustees considerable deference in the exercise of their business judgment.  This sale may well be in the best interest of the estate.  However, the Motion itself fails to state a satisfactory case for the truncated process under the facts of this case.

---

[6] *See* Motion, par. 3.
[7] The Trustee provided a copy of the contract to the undersigned.

WHEREFORE, the United States Trustee respectfully requests that the Court sustain her objection, deny the Motion grant such other and further relief as the Court may deem appropriate.

Respectfully submitted,
NANCY J. GARGULA
United States Trustee--Region 21

By: /s/BENJAMIN E. LAMBERS
    Benjamin E. Lambers
    Trial Attorney
    Fla. Bar No. 774197
    501 E. Polk Street, Suite 1200
    Tampa, FL  33602
    (813)228-2000
    (813)228-2303--facsimile
    Ben.E.Lambers@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing United States Trustee's Objection to the Debtor's Motion for Authority to Sell has been sent by electronic or regular U.S. Mail to the parties listed below on or before January 22, 2020.

Bruce E. Bozzi, Sr.
Mary Ann Bozzi
2161 Gulf of Mexico Drive
Longboat Key, FL 34228

Robert A. Schatzman
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131

Robert E Tardif, Attorney for Trustee
Post Office Box 2140
Fort Myers, FL 33902

/s/BENJAMIN E. LAMBERS
Attorney